UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERIC JACKSON,

    Petitioner,

v.                                                 CASE NO. 6:16-cv-1322-Orl-31GJK
                                                       (6:09-cr-223-Orl-31GJK)

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Eric Jackson (Doc. 1). The Government filed a response to the § 2255 motion in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts* (Doc. 4). Petitioner filed a reply (Doc. 5).

Petitioner alleges one claim for relief. However, as discussed hereinafter, the Court finds that the motion to vacate, set aside, or correct sentence is untimely and must be denied.

**I.    BACKGROUND**

Petitioner was charged by indictment with two counts of aiding and abetting in a bank robbery in violation of 18 U.S.C. § 2113(a) (counts three and five) and two counts of knowingly using and carrying a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(3) (counts four and six) (Criminal Case No. 6:09-cr-

223-Orl-31GJK, Doc. 27).[1] Petitioner pled guilty to the counts as charged in the indictment (Criminal Case Doc. 136). Magistrate Judge Kelly entered a Report and Recommendation, recommending that the guilty plea be accepted (Criminal Case Doc. 149). The Court accepted the guilty plea and adjudicated Petitioner guilty (Criminal Case Doc. 156). On May 11, 2010, the Court sentenced Petitioner to concurrent twelve-month terms of imprisonment for counts three and five, to a consecutive twelve-month term of imprisonment for count four, and to a consecutive three hundred-month term of imprisonment for count six (Criminal Case Doc. Nos. 215 and 253). Judgment was entered on May 12, 2010 (Criminal Case Doc. 226). Petitioner did not appeal. Petitioner filed his motion to vacate, set aside, or correct sentence on June 23, 2016.[2]

## II. TIMELINESS

Pursuant to 28 U.S.C. § 2255, the time for filing a motion to vacate, set aside, or correct a sentence is restricted, as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[1] Criminal Case No. 6:09-cr-223-Orl-31GJK will be referred to as "Criminal Case."

[2] A § 2255 motion is deemed filed the date it was delivered to prison authorities for mailing. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively application to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In the present case, Petitioner's conviction and sentence became final on May 26, 2010, or the date Petitioner's time for seeking a direct appeal expired. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011); Fed. R. App. P. 4(b)(1)(A)(i) (providing a criminal defendant's notice of appeal must be filed in the district court within fourteen days after the entry of judgment or order appealed). Petitioner had one year, or through May 26, 2011, to file a § 2255 motion. Petitioner's motion, filed on June 23, 2016, is untimely.

Petitioner contends his § 2255 motion is timely filed pursuant to § 2255(f)(3) in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague) and *Welch v. United States*, 136 S. Ct 1257 (2016) (determining *Johnson* is retroactive to cases on collateral review). Essentially, Petitioner seeks to extend *Johnson* to § 924(c)(3)(B) (defining a crime of violence as a felony that by its nature, "involves a substantial risk of physical force . . . ."). However, the Eleventh Circuit has held that "*Johnson* does not apply to, or invalidate, the "risk-of-force" clause in § 924(c)(3)(B)." *Ovalles v. United States*, 861 F.3d 1257, 1266

3

(11th Cir. 2017). Neither the Supreme Court of the United States nor the Eleventh Circuit Court of Appeals has held that *Johnson* applies to § 924(c)(3)(B). *See In re Pinder*, 824 F.3d 977, 978 (11th Cir. 2016). Consequently, the instant action is untimely.

Nevertheless, even assuming *Johnson* applied retroactively to convictions under § 924(c), a finding not made by this Court, Petitioner would not benefit from extending *Johnson*. The Eleventh Circuit has held that a conviction for aiding and abetting a Hobbs Act robbery qualifies as a crime of violence under the use of the force clause in § 924(c)(3)(A). *See In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016). Additionally, the Eleventh Circuit has determined that bank robbery qualifies as a crime of violence. *See In re Sams*, 830 F.3d 1234, 1239 (11th Cir. 2016). Therefore, it logically follows that aiding and abetting a bank robbery would also qualify as a crime of violence. Consequently, Petitioner's convictions and sentences for the violations of § 924(c)(1)(A) were properly premised on his convictions for aiding and abetting two bank robberies.

In sum, *Johnson* is not retroactive to § 924(c) convictions. Moreover, Petitioner's convictions for violations of § 924(c)(1)(A) are based on his convictions for aiding and abetting two bank robberies, which are crimes of violence. Therefore, *Johnson* would not benefit Petitioner, and Petitioner is not entitled to relief under *Johnson*.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant motion within the one-year limitations period and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) filed by Eric L. Jackson is **DENIED**, and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:09-cr-223-Orl-31GJK and terminate the motion to vacate pending in that case (Criminal Case Doc. 337).

4. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[3] Accordingly, a certificate of appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida this 5th day of September, 2017.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 9/5

---

[3] Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. foll. § 2255.

Eric L. Jackson
Counsel of Record